<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-1356**

PATRICIA UCHEOMA EGEKWU,

        Petitioner,

     v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

**No. 07-2050**

PATRICIA UCHEOMA EGEKWU,

        Petitioner,

     v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

On Petitions for Review of Orders of the Board of Immigration Appeals.

Submitted: May 19, 2009        Decided: June 26, 2009

Before MICHAEL, TRAXLER, and SHEDD, Circuit Judges.

Petitions denied in part and dismissed in part by unpublished per curiam opinion.

———————————

Ronald D. Richey, LAW OFFICES OF RONALD D. RICHEY, Rockville, Maryland, for Petitioner. Michael F. Hertz, Acting Assistant Attorney General, Linda S. Wernery, Assistant Director, Daniel Glenn Lonergan, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Patricia Ucheoma Egekwu, a native and citizen of Nigeria, petitions for review of orders of the Board of Immigration Appeals (Board) affirming the Immigration Judge's denial of her applications for relief from removal, and denying her motion to reopen and reconsider.

Egekwu first challenges the determination that she failed to establish eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Egekwu fails to show that the evidence compels a contrary result. Having failed to qualify for asylum, she cannot meet the more stringent standard for withholding of removal. Chen v. INS, 195 F.3d 198, 205 (4th Cir. 1999); INS v. Cardoza-Fonseca, 480 U.S. 421, 430 (1987).

We likewise uphold the finding below that Egekwu failed to demonstrate that it is more likely than not that she would be tortured if removed to Nigeria. 8 C.F.R. § 1208.16(c)(2) (2009). Though Egekwu also challenges the denial of cancellation of removal, we do not have jurisdiction to review the finding below that Egekwu failed to demonstrate

3

exceptional and extremely unusual hardship to a qualifying relative in order to demonstrate eligibility for that relief. See 8 U.S.C. § 1252(a)(2)(B)(i) (2006); Jean v. Gonzales, 435 F.3d 475, 481-82 (4th Cir. 2006); see also Obioha v. Gonzales, 431 F.3d 400, 405 (4th Cir. 2005). Finally, we find no abuse of discretion in the Board's decision to deny Egekwu's motion to reopen and reconsider. See 8 C.F.R. § 1003.2(a) (2009).

Accordingly, we deny in part and dismiss in part the petitions for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITIONS DENIED IN PART
AND DISMISSED IN PART